IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA CARROLL,<br>　　　　　Plaintiff,<br><br>　　　　v<br>ACME TRUCK LINE, INC.,<br>　　　　　Defendant. | )<br>)<br>)<br>) 2:12-cv-1114<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Now pending is DEFENDANT'S MOTION TO COMPEL CONTINUATION OF PLAINTIFF'S DEPOSITION AND PLAINTIFF'S MEDICAL/PSYCHOLOGICAL RECORDS (ECF No. 24) filed by Acme Truck Line, Inc. ("Acme"). Plaintiff Rebecca Carroll has filed a response in opposition and the motion is ripe for disposition.

Plaintiff asserts claims under Title VII and the PHRA, alleging a sexually hostile work environment, retaliation and wrongful discharge. She seeks compensatory damages for lost wages and benefits and pain and suffering. In her interrogatory responses, Carroll stated that she is not seeking damages for emotional distress; did not seek medical treatment as a result of the alleged conduct; is seeking only general compensatory damages; and has not placed her mental or physical health at issue.

Acme deposed Carroll on April 8, 2013. Acme contends that due to counsel's "incessant speaking objections" and the large volume of emails and text messages, it was unable to complete her deposition within seven hours.[1] Acme requests: (1) an additional four (4) hours on June 6, 2013 to complete the deposition; and (2) for the Court to compel complete responses to

---

[1] Acme invites the Court to review the 325 page transcript, but has provided only short excerpts of it.

its interrogatories regarding Carroll's mental/psychological/emotional state or strike her claim for compensatory damages.

Plaintiff opposes the motion. Plaintiff contends that Defendant had in excess of seven hours and twenty minutes to complete the deposition, and has not demonstrated any valid basis for extra time. Plaintiff's counsel represents that she did not make extended, lengthy or numerous speaking objections during the deposition. To the contrary, she believes that counsel for Acme badgered the witness. She points out that Carroll was employed by Acme for only three months, such that a deposition should have been able to be concluded within seven hours, and that medical issues are not fundamental to the claims at issue.

As to the production of medical records, Plaintiff believes that the issue is essentially moot because on May 6, 2013 counsel reached agreement as follows: (1) to enter into a confidentiality agreement; (2) that Plaintiff would produce medical records from the Wheeling clinic from July 2006 through the present; and (3) the parties would continue to discuss the production of other medical records. Plaintiff opposes further production of medical records, as sought in the instant motion. She represents that Plaintiff is not seeking damages for emotional distress and points out that Acme's justification for seeking medical records has changed. During the deposition, when asked to explain how questions about Carroll's mental history were relevant, Acme did not reference compensatory damages, but rather conclusorily stated that her psychological background may explain some of the text messages during her employment.

The Court will not order additional deposition time. Federal Rule of Civil Procedure 30(d)(1) provides that unless otherwise stipulated or ordered by the Court, "a deposition is limited to 1 day of 7 hours." The burden is on the party seeking to exceed the time limit (in this case, Acme) to show "good cause" for the extension. *Kleppinger v. Texas Dept. of Transp.*, 283

F.R.D. 330, 333 (S.D. Tex. 2012); Fed.R.Civ.P. 30 Advisory Committee notes, 2000 Amendments (party seeking court order to extend examination expected to show "good cause"). Although counsel for Plaintiff instructed Carroll to not answer certain questions about her psychological history, Carroll did testify that she had never been diagnosed with any psychological disorder.  From the record provided, the Court is unable to conclude that counsel for Plaintiff engaged in conduct which prevented the deposition from being completed within the time limits.  Acme has pointed to only a few, isolated excerpts of discussions between counsel. Moreover, Acme already received twenty minutes of excess deposition time.  In sum, Acme has failed to meet its burden to demonstrate that counsel for Plaintiff impeded, delayed or frustrated the fair examination of Carroll such that additional time is warranted.

The Court will deny the request for more complete discovery responses without prejudice.  The rules of civil procedure contemplate that the attorneys will professionally and amicably resolve most discovery disputes.  It appears that counsel have reached such a resolution in this case.  If Acme believes, after its review of the medical records from the Wheeling clinic, that additional medical records are necessary and the parties are unable to resolve the issue in their subsequent "meet and confer" session(s), the parties may file an appropriate motion with the Court.

Acme's request to strike Plaintiff's claim for <u>all</u> compensatory damages is overbroad. There are many components to compensatory damages that are not impacted by Plaintiff's decision to disavow emotional distress damages.  The Court can narrowly and specifically instruct the jury as to the types of compensatory damages it may (and may not) consider.

In accordance with the foregoing, DEFENDANT'S MOTION TO COMPEL CONTINUATION OF PLAINTIFF'S DEPOSITION AND PLAINTIFF'S MEDICAL/PSYCHOLOGICAL RECORDS (ECF No. 24) is **DENIED** as to additional deposition time; and **DENIED WITHOUT PREJUDICE** as to discovery responses regarding medical records.

SO ORDERED this 21st day of May, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:   **Vicki Kuftic Horne, Esquire**
Email: vkhorne@vkhorne.com

**Melissa L. Evans, Esquire**
Email: melissa.evans@jacksonlewis.com
**David K. Theard, Esquire**
Email: dtheard@joneswalker.com
**Jane H. Heidingsfelder, Esquire**
Email: jheidingsfelder@joneswalker.com
**Thomas P. Hubert, Esquire**
Email: thubert@joneswalker.com